PER CURIAM.
Because the trial court’s “summary judgment” and its “order” upon the defendant’s “Motion To Reconsider And Grant Equitable Relief” set out the procedural context of this case, the facts, and the issues for resolution before the trial court and on appeal, and because we find no basis for reversal, we quote in full the judgment and order appealed from.
“SUMMARY JUDGMENT
“This cause comes on to be heard upon the Plaintiffs’ ‘Motion For Summary Judgment’ filed June 17, 1988, and upon hearing the arguments of counsel and reviewing the briefs and other material submitted to it, the court finds that there is no genuine issue as to any material fact concerning the execution of the Trust Agreement in this case and that summary judgment is due to be granted on that issue.
“The court finds that it is undisputed that a draft of the Trust Agreement was prepared and then changed and put into a final form. When Henry Brannon Bradley went to execute the Trust Agreement, he was given, and he executed, a draft and not the final form of the Trust Agreement. It was not the intent of any of the parties connected with the establishment of the Trust that the draft which was executed be the final trust instrument. Therefore, the Trust Agreement is due to be reformed to the terms and conditions of the final form which the parties intended to execute.
“Both the final form of the Trust Agreement and the draft that was executed provided that the Trustee may commence or defend litigation affecting the trust and may employ attorneys when he deems it necessary and pay reasonable compensation to the attorneys for services performed out of the trust estate. Originally some of the trust assets were used to pay the Trustee’s attorneys’ fees in this cause. Defendant, Ann Middleton Hayes, then filed an amendment to her counterclaim alleging that Plaintiff, Central Bank, breached its fiduciary duty to her, and converted and fraudulently deprived Mrs. Hayes of the trust assets by debiting the trust estate for the attorneys’ fees. Central Bank has now reimbursed the trust for all legal fees paid to it by the trust. It is the opinion of the court that under the terms of the Trust Agreement, the Trustee had the right to bring this action, and to pay reasonable attorneys’ fees in connection with the action out of the assets of the trust. The court, therefore, finds that summary judgment should be issued in favor of the Plaintiffs and against the Defendant on the counterclaim.
“It is, therefore, ORDERED, ADJUDGED, and DECREED by the court as follows:
“ONE: The terms and conditions of the Trust Agreement which was executed by Henry Brannon Bradley as Set-tlor and Central Bank of the South as Trustee on May 1, 1986, are hereby reformed to contain the terms and conditions in the final draft of the Trust Agreement which is attached as Exhibit C to the Complaint in this cause.
“TWO: The payment by the Trustee of attorneys’ fees incurred in connection with this action, as provided for in the Trust Agreement, was not and would not be a conversion of the assets of the trust by the Trustee.
“THREE: The court retains jurisdiction of this cause to determine attorneys’ fees to be paid to the Guardian Ad Litem and counsel are requested to schedule a hearing to determine that fee.
“DONE AND ORDERED this 1st day of August, 1988.
“/s/ Jack D. Carl “CIRCUIT JUDGE”
* * * * * *
“ORDER
“This cause came on to be heard upon the ‘Motion To Reconsider And Grant *585 Equitable Relief filed August 31, 1988, by the Defendant. After considering the arguments and memoranda of counsel, and reviewing the evidence in the case, the court finds that the acts upon which the Defendant relies to show her reliance on the terms of the Trust took place before the execution of the Trust Agreement. Mr. Bradley was not under any legal obligation to execute the Trust Agreement and, thus, at' best, Ms. Hayes’s actions were taken pursuant to a promise by Mr. Bradley to do something in the future. It is undisputed that Ms. Hayes never gave any consideration for the promise.
“It is, therefore, ORDERED, ADJUDGED, and DECREED by the court as follows:
“ONE: The ‘Motion To Reconsider And Grant Equitable Relief filed August 31, 1988, by the Defendant is denied.
“DONE and ORDERED this 13th day of September, 1988.
“/s/ Jack D. Carl
“CIRCUIT JUDGE”
Except in one particular aspect, as hereinafter noted, we approve and adopt the language of the trial court’s judgment and order dated August 1, 1988, and September 13, 1988, as the opinion of this Court. Because the holdings expressed in the last two sentences of the first paragraph of the trial court’s “Order” dated September 13, 1988, are not necessary for the disposition of the issues presented at trial or on appeal, we express no opinion thereon. We note, however, that the “irrevocable Trust Agreement” executed by Henry Brannon Bradley, as reformed by the trial court in its August 1, 1988, “summary judgment,” is a legal and binding document; that Ann Middleton Hayes, as the “income beneficiary,” is entitled to its benefits subject to the terms and conditions set forth therein; and that her entitlement is not dependent upon whether Mr. Bradley was “under a legal obligation to execute the Trust Agreement” or whether Mrs. Hayes “gave any consideration for the promise.”
AFFIRMED.
JONES, ALMON, ADAMS and KENNEDY, JJ., concur.
HORNSBY, C.J., and SHORES, J., concur in the result.